```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**DRELIJAH MUHAMMAD,**           :

    **Plaintiff,**               :

**vs.**                          :     CIVIL ACTION 06-00315-WS-B

**LEROY DALE,**                  :

    **Defendant.**               :

### REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Drelijah Muhammad's documents entitled "Clarification" (Doc. 66), "Default Judgment, Freed, Monetary Relief, Requested" [sic](Doc. 74), "Motion to Leave of Court Amend Relief in Plaintiff Favor" [sic](Doc. 75), and "Motion to Leave of Court Plaintiff Amend Motion for Objection, and Default Pursuant FRCP 55" [sic] (Doc. 76). The referenced documents, which the undersigned is treating as motions, have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action.  Upon a careful review of the referenced motions, the undersigned recommends that they be DENIED.

As a preliminary matter, the undersigned notes that the documents are rambling and difficult to decipher.  As best the Court can determine, Plaintiff is requesting the entry of a default judgment against Defendant Leroy Dale.  A review of the record reflects that Defendant Dale was served with a copy of the

Complaint on March 21, 2008. (Doc. 55).  Defendant Dale, on April 21, 2008, filed a Motion for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  (Doc. 61). Plaintiff filed a Motion for Default Judgement on April 28, 2008 (Doc. 62), and then again on April 30, 2008 (Doc. 64).

In an Order dated May 5, 2008 (Doc. 65), the undersigned observed that this is a civil action subject to the Prison Litigation Reform Act, which provides that a defendant may waive a right to reply to any action filed by a prisoner confined in jail or prison, and that such waiver shall not constitute an admission of the allegations contained in the complaint.  42 U.S.C. § 1997 e(g)(1). Accordingly, Plaintiff's Motions for Default were denied. Defendant's Motion for a More Definite Statement was granted, and Plaintiff was directed to file a statement, by May 30, 2008, detailing the conduct that Defendant Dale is alleged to have taken against Plaintiff. (Doc. 65)   See Barnett v. Bailey, 956 F.2d 1036, 1043-1044 (llth Cir. 1992) (if complaint is ambiguous or contains insufficient information to frame a responsive pleading, proper remedy is Fed.R.Civ. P. 12(e)). Defendant Dale was directed to file his Answer and Special Report by June 30, 2008.  On June 30, 2008, Defendant Dale file a motion requesting additional time in which to file his Answer and Special Report. (Doc. 72). Defendant Dale's motion was granted, and the deadline for his Answer and Special Report was extended to July 7, 2008. (Doc. 77).

The docket reflects that Defendant Dale's Answer and Special Report were filed on July 7, 2008. (Docs. 83, 84).

The law is clear that entry of judgment by default is a drastic remedy which should be used only in extreme situations. <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985). The general preference is that cases be heard on the merits rather than resorting to sanctions that deprive litigants of their day in court. <u>Id.</u> Based upon the record before the Court, the undersigned finds that Plaintiff's motions are due to be denied. As noted previously, the Prison Litigation Reform Act accords defendants the right to waive a reply without having such waiver constitute an admission. Moreover, the undersigned finds that this case does not involve a situation in which Defendant Dale has blatantly disregarded orders of the Court, or has caused lengthy delays that have unnecessarily protracted this litigation. Accordingly, it is recommended that Plaintiff's documents entitled "Clarification" (Doc. 66), "Default Judgment, Freed, Monetary Relief, Requested" (Doc. 74), "Motion to Leave of Court Amend Relief in Plaintiff Favor" (Doc. 75), "Motion to Leave of Court Plaintiff Amend Motion for Objection, and Default Pursuant FRCP 55" (Doc. 76) be DENIED.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this **5th** day of **September, 2008.**

                                           **/S/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                              **/S/ SONJA F. BIVINS**
                                                           **UNITED STATES MAGISTRATE JUDGE**