**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DRELIJAH MUHAMMAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 06-0315-WS-B** |
| | ) | |
| **LEROY DALE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on plaintiff's filings styled "Motion to Leave of the Court Amend Reconsideration of De Novo Trial Relief" (doc. 107) and "Motion to Proceed without Prepayment of Fees" on appeal (doc. 112).

On September 15, 2008, this Court entered an Order (doc. 100) denying various motions by *pro se* plaintiff, Drelijah Muhammad, in this § 1983 prisoner litigation. More specifically, the September 15 Order denied Muhammad's attempts to obtain a default judgment against defendant through an array of motions. In so concluding, the Court adopted a Report and Recommendation (doc. 96) wherein the Magistrate Judge had correctly pointed out that (1) the Prison Litigation Reform Act accords defendants the right to waive a reply without having such waiver constitute an admission; (2) the defendant did file its Answer and Special Report (docs. 83, 84) on July 7, 2008; and (3) the procedural posture of this case is not one in which the defendant has blatantly disregarded court orders or needlessly protracted the litigation.

Plaintiff's Motion for Reconsideration (doc. 107) does not offer any newly available or material information or argument tending to undermine the Court's conclusions in the September 15 Order. Accordingly, the Motion for Reconsideration is **denied**.

Both the Motion for Reconsideration and the Motion to Proceed without Prepayment of Fees reflect that Muhammad is appealing the September 15 Order to the Eleventh Circuit Court of Appeals. He now seeks leave of Court to do so without prepayment of fees and costs. Notwithstanding a finding of economic eligibility, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §

1915(a)(3); *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  An appeal is not taken in good faith if it is plainly frivolous.  *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F. Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same).

Muhammad's appeal of the denial of his motions to enter a default judgment against defendant is plainly frivolous for at least two reasons.  First of all, it is an interlocutory appeal over which appellate jurisdiction is lacking.  *See Scinto v. Preston*, 2007 WL 1836842, *1 (4th Cir. June 25, 2007) (where plaintiff appealed denial of motion for default judgment, court dismissed appeal for lack of jurisdiction because order from which appeal was taken was neither a final order nor an appealable interlocutory or collateral order); *Cason v. District of Columbia Dep't of Corrections*, 2007 WL 2892694, *1 (D.C. Cir. June 15, 2007) (dismissing appeal from district court order vacating entry of default judgment against defendant because that order was neither a final order nor an appealable interlocutory or collateral order); *Emmitt v. Dickey*, 2006 WL 1720216, *3 (10th Cir. June 23, 2006) ("Orders setting aside entries of default or vacating default judgments ordinarily are not final or appealable until after the conclusion of the proceedings."); *see generally De Leon-Granados v. Eller and Sons Trees, Inc.*, 497 F.3d 1214, 1218 n.1 (11th Cir. 2007) ("With limited exceptions, the federal courts of appeals have jurisdiction to hear appeals only from ... final decisions of the district courts of the United States.") (citation and internal quotation marks omitted); *AT&T Broadband v. Tech Communications, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) ("Generally, our jurisdiction is limited to final orders and judgments of the district court.").  The September 15 Order does not

-2-

end the litigation on the merits, nor does it fully and finally resolve any claims or defenses joined in this proceeding.  As such, Muhummad's interlocutory appeal is procedurally improper, as a matter of law.

Second, even if the merits of his appeal were to be reached, this Court's denial of Muhammad's request to enter default judgment against defendant was fully consistent with the bedrock legal principle that "defaults are seen with disfavor because of the strong policy of determining cases on their merits."  *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *see also In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (similar); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions.").  Here, the defendant has appeared, and has filed an Answer and Special Report in a timely manner when directed to do so by the Magistrate Judge.  There is no record of this defendant blatantly disregarding court orders or needlessly prolonging this litigation.  As such, this is clearly not a case in which the disfavored remedy of judgment by default is appropriate.

For these reasons, the Court hereby **certifies** that Muhammad's interlocutory appeal is not taken in good faith; therefore, he cannot appeal *in forma pauperis*, and his Motion for Leave to Appeal *In Forma Pauperis* (doc. 112) is **denied**.

Pursuant to 28 U.S.C. § 1915 (as amended by the Prison Litigation Reform Act), the Court has reviewed the prisoner's inmate account statement for the most recent 12-month period.  That inmate account statement reflects an average daily balance of $0.11 for the last 12 months.  The Court has also reviewed Muhammad's signed Prisoner Consent Form on Appeal (doc. 110) wherein he authorizes payment of the required $455.00 appellate filing fee from his inmate account.  Because Muhammad's account statement and financial affidavit reflect that he had less than $2 in assets during the six-month period immediately preceding his filing of the Notice of Appeal, the Court determines that no initial partial filing fee should be imposed.  Muhammad may pursue an appeal regardless of his indigency and inability to pay the filing fee.  *See* 28 U.S.C. § 1915(b)(4).  However, pursuant to 28 U.S.C. § 1915(b)(2), the Court **directs** the Commissioner of the Alabama Department of Corrections or his designee every month to

-3-

withdraw twenty percent of the preceding month's income credited to the prisoner's inmate account and to remit that amount to the District Court Clerk each time the amount in the account exceeds $10.00 until the total filing fee of $455.00 has been paid in full.  These payments shall clearly identify plaintiff's name and the case number assigned to this action, and shall be paid by check made payable to "Clerk, U.S. District Court."

The Clerk's Office is **directed** to send a copy of this Order to the Commissioner of the Alabama Department of Corrections and to the business manager of the institution where plaintiff is incarcerated.

**DONE** and **ORDERED** this 8th day of October, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE