IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DRELIJAH MUHAMMAD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 06-0315-WS-B |
| | ) |
| **LEROY DALE,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiff's *pro se* filing styled "Mandamus Motion Invoked Jurisdiction 28 U.S.C. § 1331, et seq 1361 Writ of Mandamus" (doc. 145).

On May 12, 2009, this Court entered an Order (doc. 137) and Judgment (doc. 138) dismissing this action without prejudice pursuant to *Heck v. Humphrey* and because plaintiff's claims for injunctive relief (*i.e.*, that his parole be reinstated and he be freed from prison) are cognizable only in a habeas proceeding, not a § 1983 action such as this. This is Muhammad's second petition for writ of mandamus filed in the last six days. Via Order (doc. 144) entered on June 4, 2009, the undersigned denied plaintiff's first petition because, *inter alia*, he failed to exhaust other avenues of relief. *See, e.g., Lifestar Ambulance Service, Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004) ("Mandamus jurisdiction is appropriate only where ... the plaintiff has exhausted all other avenues of relief.") (footnote omitted); *Plekowski v. Ralston-Purina Co.*, 557 F.2d 1218, 1220 (5th Cir. 1977) (remedy of mandamus "is not to be used as a substitute for an appeal"). Plaintiff's latest "Mandamus Motion" (doc. 145) fails for the following reasons: (1) he has failed to exhaust remedies; (2) he seeks a writ of mandamus against a non-party that is not "an officer or employee of the United States or any agency thereof" within the meaning of 28 U.S.C. § 1361; and (3) the relief he seeks (*i.e.*, an injunction releasing him from prison) is not cognizable in this § 1983 action. The Motion is **denied**.

**DONE** and **ORDERED** this 9th day of June, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE